Trademark Trial and Appeal Board
2900 Crystal Drive
Arlington, VA 22202-3513

CEW

7/18/01

Cancellation No. 26,378

Kappa Books, Inc.

THIS DISPOSITION
IS CITABLE AS PRECEDENT
OF THE T.T.A.B.

v.

Herbko International, Inc.

Before Seeherman, Hohein and Walters, Administrative Trademark Judges.

Opinion by Walters, Administrative Trademark Judge:

Kappa Books, Inc. filed a petition to cancel the registration of Herbko International, Inc. of the mark shown below for "crossword puzzle system, namely paper crossword puzzle rolls and hand held puzzle roll scrolling device sold as a unit and crossword puzzle replacement rolls sold separately," in International Class 16.[1]

---

[1] Registration No. 1,914,863: application filed June 29, 1994 and registration issued August 29, 1995. The registration includes a disclaimer of CROSSWORD apart from the mark as a whole.

As grounds for cancellation, petitioner asserted that respondent's mark, when applied to respondent's goods, so resembles petitioner's previously used mark CROSSWORD COMPANION for crossword puzzle books as to be likely to cause confusion, under Section 2(d) of the Trademark Act.

Respondent, in its answer, denied the salient allegations of the claim and affirmatively asserted, *inter alia*, that petitioner lacks priority.

Petitioner filed a motion for summary judgment, alleging that no genuine issues of material fact exist regarding either petitioner's priority or the factors establishing that likelihood of confusion exists. The Board granted petitioner's motion for summary judgment and entered judgment against respondent.

Respondent filed a motion for reconsideration, contending that the Board erred in granting petitioner's motion for summary judgment. We consider this motion herein. Respondent contends that the Board erred in finding that petitioner has priority of use; and in finding that the goods of the parties are "the same." Petitioner submitted a brief in opposition to respondent's motion.[2]

---

[2] Respondent also submitted a reply brief. While there is no provision in the Trademark Rules of Practice for the submission of a reply brief in connection with a request for reconsideration (see Trademark Rule 2.127(b)), we have exercised our discretion and considered the reply brief in this case.

Regarding respondent's assertion that the Board erred in finding the parties' goods to be "the same," we point out that the Board found the parties' goods to be "extremely similar" rather than "the same." Respondent does not dispute that both parties' goods provide crossword puzzles to the purchaser. While respondent's product may be, as respondent describes it, "a cross-word game system" and petitioner's product is "a puzzle book," both parties' products provide crossword puzzles to purchasers, which is the essence of each product. We disagree with respondent and find that the Board did not err in concluding that the parties' goods are "extremely," or "substantially," similar.[3]

We consider, next, respondent's assertion that the Board erred in finding that petitioner has priority. The facts establishing petitioner's use of the mark CROSSWORD COMPANION on crossword puzzle books are stated as follows in the Board's opinion on the summary judgment motion:

> [P]etitioner first sold CROSSWORD COMPANION puzzle books to WalMart, a U.S. department store chain, in 1993. Two shipments of books were made in 1993; the first consisted of 373,200 books and the second consisted of 683,000 books. No

[3] Because we are considering the question of whether the Board committed an error, contrary to respondent's contention, we reach this conclusion regardless of the extent to which petitioner did or did not address this particular point in its response to respondent's request for reconsideration.

significant sales took place in 1994. Petitioner resumed sales of its CROSSWORD COMPANION puzzle books in 1995 and sold 918,705 books in the years 1995-1997. Sales were made to various retail stores throughout the United States.

Respondent filed the application resulting in the challenged registration on June 29, 1994, based on an intention to use the mark in commerce, and began use of its mark on its goods on September 22, 1994.

Respondent does not contend that these facts are incorrect. Rather, respondent points out that petitioner's sales during 1993 were of its first book of crossword puzzles; and that petitioner did not sell subsequent volumes of crossword puzzle books until 1995, which is after respondent began using its mark on its goods.

Respondent argues in its request for reconsideration that the Board should have found that petitioner's use of CROSSWORD COMPANION in 1993 was as a title of a single work; that a title of a single work is merely descriptive and petitioner did not establish that CROSSWORD COMPANION has acquired distinctiveness as a trademark; that petitioner's puzzle books did not become a series until 1995, subsequent to respondent's use of its mark, when new CROSSWORD COMPANION books were published; and, thus, that it was not until 1995 that CROSSWORD COMPANION became a trademark for that series.

The question raised by respondent's argument is when did petitioner commence use of CROSSWORD COMPANION as a mark for a series of crossword puzzle books.

The Board answered this question in its opinion, and respondent has merely reiterated the arguments made in its opposition to the motion for summary judgment. In this regard, the Board stated the following:

> [T]here is no genuine issue that petitioner continued to use its mark on a series of crossword puzzle books, and that its use on the books in 1993 was a trademark use on the first of the books in the series. (footnote omitted.) Accordingly, as a matter of law, we find that petitioner established rights in the trademark CROSSWORD COMPANION in 1993 and thus petitioner has priority.

It is well established, and respondent does not disagree, that a title that is the name of a series of works may function as a trademark for that series. *See In re Cooper*, 254 F.2d 611, 117 USPQ 396 (CCPA 1958); and *In re Scholastic Inc.*, 223 USPQ 431 (TTAB 1984). Respondent argues, however, that the series, and thus the use of the title as a trademark, does not arise until such time as a second "volume" is sold. In this regard, we stated the following:

> This case is not unlike an "analogous use case," where non-technical trademark use of a term creates an inchoate right that its owner may perfect upon making a technical trademark use of the term, so long as the analogous use is of such

a nature and extent that it creates a proprietary right in the user deserving of protection, and the technical use is commenced within a reasonable time. *See Era Corp. v. Electronic Realty Associates, Inc.*, 211 USPQ 734, 745 (TTAB 1981); and *Dyneer Corporation v. Automotive Products, plc*, 37 USPQ2d 1251 (TTAB 1995). Petitioner's initial shipments to WalMart in 1993 were sufficient to create such proprietary rights, since they were in fact followed by shipments of additional sets of books in 1995.

In its request for reconsideration, respondent bases its argument, by analogy, on *Towers v. Advent Software Inc.*, 913 F.2d 942, 16 USPQ2d 1039 (Fed. Cir. 1990). In that case, the court affirmed the Board's decision, based on *Otto Roth & Co. v. Universal Foods Corp.*, 640 F.2d 1317, 209 USPQ 40 (CCPA 1981), that petitioner's Section 2(d) claim failed because petitioner's unregistered mark was merely descriptive, and thus not inherently distinctive, and petitioner had not shown that his term had become distinctive of his goods prior to respondent's first use of its mark.

We find *Towers* to be inapposite to the present situation. That case pertained to the use by petitioner of THE PROFESSIONAL PORTFOLIO SYSTEM in connection with a computer based portfolio valuation system, not as the title of either a single work or a series. In the case before us, we do not have a term that is the name of a product or merely describes a quality or characteristic of a product.

Rather, we have a title of a series of books.[4] While the title of a single work does not function as a trademark and has been described as merely descriptive of the contents of that work, the Court in *In re Cooper, supra,* found that a series is quite different from a single title, stating the following:

> Appellant appears to argue that there is an inconsistency in registering as a trademark the name for a series of books and in not registering the title of a single book. We see no inconsistency. The name for a series, at least while it is still being published, has a trademark function in indicating that each book of the series comes from the same source as the others.

Petitioner's crossword puzzle books constitute a series of books which, logically, must begin with the publication of the first book in the series. As a result, the use of the mark in connection with the series dates back to the beginning of the series, *i.e.,* the date of sale of the first "volume" of the series. Nothing in *Cooper* is to the contrary.

For the reasons stated herein and in our opinion on the motion, we stand by our decision granting petitioner's motion for summary judgment. The motion for

---

[4] There is no genuine issue that petitioner has published a series of crossword puzzle books, i.e., that, *inter alia,* the second "volume" was published within a reasonable time period following distribution of the first volume.

reconsideration is denied and Registration No. 1,914,863 will be cancelled in due course.

Exhibit E
Woodstock Registration Information



UNITED STATES PATENT AND TRADEMARK OFFICE

Trademark Electronic Search System (TESS)

*TESS was last updated on Sat Jan 25 04:10:48 EST 2003*

Logout Please logout when you are done to release system resources allocated for you.

Start List At: [          ] OR Jump to record: [          ] **Record 9 out of 11**

Check Status *(TARR contains current status, correspondence address and attorney of record for this mark. Use the "Back" button of the Internet Browser to return to TESS)*

**Typed Drawing**

| | |
|---|---|
| **Word Mark** | **WOODSTOCK** |
| **Goods and Services** | IC 009. US 036 038. G & S: MOTION PICTURE FILM AND MUSIC AUDIO TAPES, COMPACT DISCS, AND PHONOGRAPH RECORDS. FIRST USE: 19700400. FIRST USE IN COMMERCE: 19700400 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 73726236 |
| **Filing Date** | May 3, 1988 |
| **Published for Opposition** | September 19, 1989 |
| **Registration Number** | 1596132 |
| **Registration Date** | May 15, 1990 |
| **Owner** | (REGISTRANT) WOODSTOCK VENTURES COMPOSED OF JOHN ROBERTS AND JOEL ROSENMAN, BOTH U.S. CITIZENS PARTNERSHIP NEW YORK 20 EAST 63RD STREET NEW YORK NEW YORK 10021<br><br>(LAST LISTED OWNER) WOODSTOCK VENTURES LC CORPORATION ASSIGNEE OF WYOMING 161 WEST 54TH STREET, #1302 NEW YORK NEW YORK 10019 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | JONATHAN D. REICHMAN |
| **Prior Registrations** | 1154240;1154242 |

**Type of Mark**    TRADEMARK

**Register**    PRINCIPAL

**Affidavit Text**    SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20001229.

**Renewal**    1ST RENEWAL 20001229

**Live/Dead Indicator**    LIVE

| PTO HOME | TRADEMARK | TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | TOP | HELP | PREV LIST |
| CURR LIST | NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Thank you for your request. Here are the latest results from the <u>TARR web server.</u>

This page was generated by the TARR system on 2003-01-25 11:50:07 ET

**Serial Number:** 73726236

**Registration Number:** 1596132

**Mark (words only):** WOODSTOCK

**Current Status:** This registration has been renewed.

**Date of Status:** 2000-12-29

**Filing Date:** 1988-05-03

**Registration Date:** 1990-05-15

**Law Office Assigned:** TMEO Law Office # 5

**If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at <u>TrademarkAssistanceCenter@uspto.gov</u>**

**Current Location:** 900 -Warehouse (Newington)

**Date In Location:** 2001-01-02

---

## CURRENT APPLICANT(S)/OWNER(S)

1. WOODSTOCK VENTURES LC

**Address:**
WOODSTOCK VENTURES LC
161 WEST 54TH STREET, #1302
NEW YORK, NY 10019
United States
**State or Country of Incorporation:** Wyoming
**Legal Entity Type:** Corporation

---

## GOODS AND/OR SERVICES

MOTION PICTURE FILM AND MUSIC AUDIO TAPES, COMPACT DISCS, AND PHONOGRAPH RECORDS
**International Class:** 009
**First Use Date:** 1970-04-00
**First Use in Commerce Date:** 1970-04-00

**Basis:** 1(a)

---

## ADDITIONAL INFORMATION

**Prior Registration Number(s):**

## PROSECUTION HISTORY

2000-12-29 - Registration renewed - 10 year

2000-12-29 - Section 8 (10-year) accepted/ Section 9 granted

2000-05-11 - Combined Section 8 (10-year)/Section 9 filed

1996-08-07 - Section 8 (6-year) accepted & Section 15 acknowledged

1996-05-14 - Section 8 (6-year) and Section 15 Filed

1990-05-15 - Registered - Principal Register

1989-09-19 - Published for opposition

1989-08-19 - Notice of publication

1989-06-23 - Approved for Pub - Principal Register (Initial exam)

1989-06-09 - Communication received from applicant

1988-12-05 - Non-final action mailed

1988-11-02 - Allowance/count withdrawn

1988-08-05 - Examiner's amendment mailed

1988-08-04 - Allowance/count withdrawn

1988-08-02 - Case file assigned to examining attorney

1988-06-20 - Case file assigned to examining attorney

## CONTACT INFORMATION

**Correspondent (Owner)**
JONATHAN D. REICHMAN (Attorney of record)

JONATHAN D. REICHMAN
KENYON & KENYON
ONE BROADWAY
NEW YORK, NY 10004
United States

**Thank you for your request. Here are the latest results from the <u>TARR web server.</u>**

**This page was generated by the TARR system on 2003-01-25 11:52:04 ET**

**Serial Number:** 73189955

**Registration Number:** 1154240

**Mark (words only):** WOODSTOCK

**Current Status:** This registration has been renewed.

**Date of Status:** 2001-07-10

**Filing Date:** 1978-10-19

**Registration Date:** 1981-05-12

**Law Office Assigned:** (NOT AVAILABLE)

**If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at <u>TrademarkAssistanceCenter@uspto.gov</u>**

**Current Location:** 900 -Warehouse (Newington)

**Date In Location:** 2002-12-26

---

## CURRENT APPLICANT(S)/OWNER(S)

1. WOODSTOCK VENTURES, LC

**Address:**
WOODSTOCK VENTURES, LC
161 WEST 54TH STREET APT. 1302
NEW YORK, NY 10019
United States
**State or Country of Incorporation:** Wyoming
**Legal Entity Type:** Corporation

---

## GOODS AND/OR SERVICES

ENTERTAINMENT SERVICES-NAMELY, THE CONDUCTING OF MUSIC AND DRAMATIC
PRODUCTIONS
**International Class:** 041
**First Use Date:** 1969-08-15
**First Use in Commerce Date:** 1969-08-15

**Basis:** 1(a)

---

## ADDITIONAL INFORMATION

(NOT AVAILABLE)

## PROSECUTION HISTORY

2001-07-10 - Registration renewed - 10 year

2001-07-10 - Section 8 (10-year) accepted/ Section 9 granted

2001-04-09 - Combined Section 8 (10-year)/Section 9 filed

1993-08-06 - Section 15 acknowledged

1993-04-14 - Section 15 affidavit received

1987-07-24 - Section 8 (6-year) accepted

1987-02-10 - Section 8 (6-year) filed

1981-05-12 - Registered - Principal Register

1981-02-17 - Published for opposition

## CONTACT INFORMATION

**Correspondent (Owner)**
JONATHAN D. REICHMAN (Attorney of record)

JONATHAN D. REICHMAN
KENYON & KENYON
ONE BROADWAY
NEW YORK, NY 10004-1050
United States